

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 22, 1950

Hon. Geo. W. Cox, M.D.                    Opinion No. V-1095.
State Health Officer
Department of Health                      Re: The legality of market-
Austin, Texas                                 ing milk in Texas under
                                              a label bearing the word
Dear Sir:                                     "fresh."

        Reference is made to your recent request which
reads in part as follows:

        "Does Article 165-3, Section 4, Re-
    vised Civil Statutes, Texas 1937 Supple-
    ment prohibit the use of the word 'fresh'
    so placed on a label for grade A pasteur-
    ized homogenized vitamin D milk that it
    would likely be interpreted as referring
    to the safety, sanitary quality or food
    value of the contents of a container so
    labeled?"

        Section 4 of Article 165-3, V.C.S., provides in
part:

        "No milk or milk products sold, pro-
    duced or offered for sale within this State
    by any person, firm, association or corpora-
    tion shall carry a label, device or design
    marked 'grade A' or 'grade B' or any other
    grade, statement, design or device, regard-
    ing the <u>safety, sanitary quality or food
    value</u> of the contents of the container
    which is misleading or which does not con-
    form to the definitions and requirements of
    this Act." (Underscoring ours.)

        Black's Law Dictionary (3rd Ed. 1933) defines
the word "fresh" as "immediate, recent, following with-
out any material interval." Webster's International
Dictionary (2nd Ed. 1938) defines "fresh" as "having
its original qualities unimpaired."

        In <u>City of Lousville v. Ewing Vol-Allmen Dairy
Co.</u>, 105 S.W.2d 801, 802 (Ky. Ct. of App. 1937), the

Hon. Geo. W. Cox, M. D., page 2  (V-1095)

court stated:

> "However, when the process (pas-
> teurization) is complete, we have nothing
> left but milk, the same article and raw
> material that comes fresh from a healthy
> cow by the hands of a careful and clean
> milker, after it had been properly strain-
> ed and prepared for use by a first-class,
> clean and tidy housewife. The milk, af-
> ter the pasteurization is complete, con-
> tains the same ingredients as it had in it
> when it came from the cow. It is only made
> clean food to be used. It has lost none of
> its palatable taste as when it came from a
> healthy cow. Still, it contains all of the
> ingredients that it formerly had."

The above case was cited in Rieck-McJunkin
Dairy Co. v. School Dist. of Pittsburgh, 66 A.2d 295,
299 (Pa. Sup. 1949), and there the court stated:

> "Homogenization breaks up globules of
> fat to prevent separation of cream from
> milk and results in uniform distribution
> of the fat content of the milk. . . . While
> some of the attributes of milk are changed
> by the process it is not manufacturing in-
> to a new and different article. It also con-
> tinues to be sold as milk. Pasteurized and
> homogenized vitamin D milk and pasteurized
> chocolate milk is milk with the addition, in
> one instance, of vitamin D concentrate and,
> in the other, of chocolate and sugar. . . .
> These products are sold as milk; the changes
> are essentially in the milk flavor, they are
> still used as beverages and are not new and
> different products in the sense of the defin-
> ition of manufacture."

In view of the above definitions and interpre-
tations, it is the opinion of this office that the use of
the word "fresh," under the circumstances, is not mislead-
ing within the meaning of the statute, since it does not
apply to and is not descriptive of either the safety, san-
itary quality or food value of the contents of the con-
tainer.

## SUMMARY

Section 4 of Article 165-3 of Vernon's Civil Statutes does not prohibit the use of the word "fresh" on labels of Grade A pasteurized homogenized vitamin D milk, since this term does not refer to either the safety, sanitary quality, or food value of the contents of the containers so labeled.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

LT:mf:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Lee Thomas
Assistant